UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Daniel Perez,

                Plaintiff,

   v.

Kathryn Grey et al.,

                Defendants.

CASE NO. 2:21-cv-00095-JLR-DWC

REPORT AND RECOMMENDATION

Noting Date: April 30, 2021

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge David W. Christel. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Dkt. 1, 12. Before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"). Dkt. 9. The Court concludes Plaintiff fails to show irreparable harm. Accordingly, the Court recommends the Motion be denied.[1]

---

[1] As discussed below, the Court also recommends granting the second Motion for Leave to Supplement (Dkt. 30), and the undersigned will consider the attached exhibits in this Report and Recommendation.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

On March 2, 2021, Plaintiff, an inmate currently housed at the Monroe Corrections Center ("MCC"), filed the Motion Dkt. 9, 9-1, 21, 25. Plaintiff seeks a preliminary injunction requesting the Court prohibit his future transfer out of the MCC E-Unit to general population because it is retaliatory. Dkt. 10 at 1-2. On March 11, 2021, Plaintiff filed an Amended Complaint (hereinafter "Complaint") alleging he was retaliated against when Plaintiff filed grievances, complaints, and lawsuits. Dkt. 12.

On March 15, 2021, the Court ordered Defendants to file a Response to Plaintiff's Motion. Dkt. 19. On March 18, 2021, the Court granted Plaintiff's Motion to Supplement and docketed the Motion to Supplement and Declaration. Dkt. 20, 21, 24, 25. On March 26, 2021, Defendants filed a Response and Declarations of Dr. Marlinda E. Pruden and Kathryn M. Grey. Dkt. 26-28. On April 1, 2021, Plaintiff filed a Reply. Dkt. 29.

On April 7, 2021, Plaintiff filed a second Motion for Leave to Supplement Exhibits Attached to the Reply (Second Motion for Leave to Supplement), which is noted for the Court's consideration on April 23, 2021. Dkt. 30. In the interests of justice and in order to ensure the Court's determination is based on an accurate and complete record, the Court recommends granting the second Motion for Leave to Supplement and the undersigned will consider the attached exhibits in this Report and Recommendation.

## RELEVANT FACTS

The MCC E-Unit at MCC is a mental health residential treatment unit designed for individuals with significant mental health disorders. Dkt. 27, Pruden Declaration at 1-2. Plaintiff has been housed in the E-Unit for more than four years. Dkt. 28, Grey Declaration at 2. Accrording to Defendant Grey, Plaintiff's behavior and interactions with staff have become

argumentative and confrontational, which reached a point where it was hindering the ability of staff to manage the E-Unit effectively. Dkt. 28, Grey Declaration at 2-4. On March 9, 2021, the Mental Health Transfer Committee met and approved Plaintiff's transfer to general population. Dkt. 28 at 3. Plaintiff's appeal of that decision is currently being processed. *Id.* at 4.

## DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

The Court first addresses whether Plaintiff has demonstrated a likelihood of irreparable harm based on his allegedly retaliation and pending transfer to general population. *See Ctr. for*

*Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011) (If the plaintiff does not shown he is "'likely to suffer irreparable harm in the absence of preliminary relief,' *Winter,* 129 S.Ct. at 374, we need not address the . . . remaining elements of the preliminary injunction standard."). "In the context of preliminary injunctive relief, irreparable harm is established when a plaintiff is unlikely to be made whole by an award of monetary damages or some other legal remedy at a later date, in the ordinary course of litigation." *Edge Games, Inc. v. Elec. Arts, Inc.*, 745 F. Supp. 2d 1101, 1117 (N.D. Cal. 2010) (*citing California Pharmacists Ass'n v. Maxwell–Jolly*, 563 F.3d 847, 851–52 (9th Cir.2009)). Plaintiff must demonstrate real and immediate threat of future injury; past injury is largely irrelevant. *See O'Shea v. Littleton*, 414 U.S. 488, 496 (1974); *Rizzo v. Goode*, 423 U.S. 362, 372 (1976); *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

With respect to his transfer from the MCC E-Unit to general population, Plaintiff alleges the transfer "would hinder and harm his current mental status." Dkt. 9-1 at 2. Plaintiff contends he was placed on involuntary antipsychotic medications because he was a danger to himself and others, but Defendants now assert he is mentally fit enough to be transferred to general population where mental health services are limited. *Id.* Plaintiff alleges he is "not ready" to be "forced out of his much needed mental health treatments." *Id.* Plaintiff alleges his mental health provider agrees the transfer is not in his best interest, Dkt. 9-1 at 4, and his "mental health therapist has consistently stated to Plaintiff verbally and in writing that the best option for Plaintiff's well-being is to remain at MCC-SOU-E-Unit so he can continue his commitments to therapy[,]" Dkt. 25 at 2 (citing Attachment B). Plaintiff argues "the continuing deprivation of constitutional rights constitutes irreparable harm." Dkt. 9-1 at 3. Plaintiff contends he has been and will be subject to retaliation actions for exercising his First Amendment rights. *Id.*

REPORT AND RECOMMENDATION - 4

In response, Defendants set forth evidence including a declaration from Defendant Grey, the Mental Health Unit Supervisor at MCC, and Plaintiff's primary therapist, non-party, Dr. Marlinda Pruden. Dkt. 27, 28. Defendant Grey declares Plaintiff's transfer to general population will give him the opportunity to engage with others in a new environment and create healthy interactions. Dkt. 28, Grey Declaration at 3. Dr. Pruden declares she believes Plaintiff "can be successful [sic] in a general population setting with the right mental health services. Dkt. 27 at 3. Dr. Pruden declares she met with Plaintiff to discuss his upcoming transfer and considered his input in concluding that he can be successful in general population. *Id.* Dr. Pruden declares she is working with Plaintiff and his new mental health provider to ensure the continuity of his mental health treatment after his transfer to general population. *Id.* at ¶ 12. Members of the Mental Health Transfer Committee also support Plaintiff's transfer to general population. Dkt. 27, Pruden Declaration at ¶¶ 9-10. In the event Plaintiff's mental health issues become too acute to remain in general population, Department of Corrections policy provides for an urgent/emergent transfer to another appropriate unit. *Id.* at Attachments A, B.

While Plaintiff continues to disagree with his transfer to general population, he has not demonstrated he will be subject to an immediate threat of irreparable harm. His assertions he is not "ready" for general population are not indicative of a specific, irreparable harm for which a preliminary injunction could be narrowly tailored to prevent. Clearly Plaintiff would prefer to remain in the MCC E-Unit and believes his mental health care would fare better if his Motion were granted, however, his current treatment team including Dr. Pruden and Defendant Grey, disagree. Rather, the evidence reflects Plaintiff's outcome may be improved by his transfer to

REPORT AND RECOMMENDATION - 5

general population.[2] *See* Dkt. 27, 28. In addition, as reflected in Dr. Pruden's declaration, Plaintiff will continue to receive necessary mental health services in general population and if Plaintiff needs additional or different mental health treatment once housed in general population, he may then be transferred to another appropriate unit. Dkt. 27, Attachments A, B. *See Washington v. McDonnell,* 2019 WL 8226016, at *2 (C.D. Cal. Nov. 12, 2019) (citing *Hernandez v. Corr. Lieutenant Ricoco*, 2008 WL 5169558, at *1 (C.D. Cal. Dec. 9, 2008) (denying request for injunctive relief to stop prison transfer motivated by the defendants' efforts to retaliate for the prisoner's suit, finding there were other remedies available and there was no showing of irreparable harm)).

In his first Supplement,[3] Plaintiff alleges he was given a negative behavior report for attempting to resolve a grievance, and this action has the "potential for future harms with regard to housing decisions, classification decisions, and access to programs and privileges." Dkt. 25 at 2. It is not entirely clear how Plaintiff's negative behavior report is related to his transfer to general population, which is the basis for the Motion. *See* Dkt. 9. Rather, this appears to be related to Plaintiff's underlying claims of retaliation. *See* Dkt. 12. Nevertheless, even if it were related, Plaintiff's conclusory and speculative allegations of future harm are without support and are not sufficient to show a threat of either irreparable or immediate injury. Plaintiff must demonstrate a *likelihood,* and not just a remote *possibility* of irreparable harm. *See Winter,* 555 U.S. at 22 (citation omitted) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary

---

[2] The Supreme Court has cautioned courts to be wary of day to day management of prisons. *See Sandin v. Conner,* 515 U.S. 472, 482-83 (1995). Here, the type of relief Plaintiff seeks would be counter to that admonition.
[3] In his second Supplement, Plaintiff sets forth evidence which appears to dispute whether Plaintiff's transfer is retaliatory or advanced a legitimate penological goal, but he does not provide any additional evidence to demonstrate an immediate injury. *See* Dkt. 30.

remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). Thus, Plaintiff's contentions of potential future injury are insufficient to demonstrate a risk of immediate and irreparable injury. *See Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." (citing *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984)).

In sum, Plaintiff's claim his transfer to general population will fail to improve his mental health condition is both speculative and conclusory and does not rise to the level of irreparable harm. Based on the evidence presented in support of this Motion, Plaintiff fails to show he will suffer irreparable harm in the absence of a preliminary injunction, and therefore has not met the second prong of either test. Because Plaintiff has not shown he is "'likely to suffer irreparable harm in the absence of preliminary relief,' *Winter,* 129 S.Ct. at 374, we need not address the . . . remaining elements of the preliminary injunction standard." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011). Accordingly, the Court declines to address the other factors and denies Plaintiff's Motion. *See Florence v. Kernan*, 813 F. App'x 325, 326 (9th Cir. 2020) ("The district court did not abuse its discretion in denying [California state prisoner's] motions for a preliminary injunction because [he] failed to establish that he was likely to suffer irreparable harm." (citing *Boardman*, 822 F.3d at 1022)); *Reed v. Nev. Dep't of Corr.*, 691 F. App'x 843, 844 (9th Cir. 2017) ("The district court did not abuse its discretion by denying [Nevada state prisoner's] requests for mandatory injunctive relief because [he] failed to establish that he is likely to suffer irreparable harm in the absence of such relief.") (citations omitted);

*Washburn*, 2020 WL 5517263, at *3 (D. Or. Sept. 14, 2020), *aff'd*, 835 F. App'x 267 (9th Cir. 2021).[4]

## CONCLUSION

The Court recommends granting Plaintiff's second Motion for Leave to Supplement. Dkt. 30. As Plaintiff has failed to show a threat of irreparable harm, the Court recommends the Motion (Dkt. 9) be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on April 30, 2021 as noted in the caption.

Dated this 13th day of April, 2021.

David W. Christel
United States Magistrate Judge

---

[4] Even if Plaintiff had demonstrated irreparable harm, the Court notes it is difficult to determine the likelihood of success on the merits at this early stage of litigation. Just after Plaintiff filed the Motion, he filed his Amended Complaint. *See* Dkt. 9, 12. Defendants only recently filed their answer on April 9, 2021, which in part, raises the affirmative defense of exhaustion and the right to allege additional affirmative defenses after the completion of discovery. *See* Dkt. 34. The evidence presently before the Court reflects Plaintiff's appeal of the decision to transfer him to general population is currently being processed. Dkt. 28, Grey Dec. at 3-4. This calls Plaintiff's chances of success on the merits into question because Defendants may challenge whether Plaintiff properly exhausted his administrative remedies prior to the filing of this lawsuit. Further, Plaintiff's appeal could be decided in his favor, rendering the instant Motion moot.