UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL PEREZ,

           Plaintiff,

   v.

KATHRYN GREY, et al.,

           Defendant.

CASE NO. 2:21-cv-00095-JLR-DWC

ORDER ON MOTION TO AMEND

The District Court referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge David W. Christel. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Dkt. 1, 12. Before the Court is Plaintiff's Second Motion to Amend Complaint. Dkt. 39.

BACKGROUND

Plaintiff, an inmate currently housed at the Monroe Corrections Center (MCC), initiated this action January 2021. Dkt. 1.

On February 10, 2021, the Court completed screening of Plaintiff's claims and directed service of Plaintiff's Complaint upon the Washington State Attorney General's Office as well as

ORDER ON MOTION TO AMEND - 1

Defendants Kathryn Grey, Douglas McLane, Michael Wright, Laurance Harrod, Cameron Johnson, Hunter Dire. Dkt. 6. Notably, the Complaint also named "John and Jane Does 1-5." Dkt. 5 at 5.

On February 17, 2021, Plaintiff filed his first Motion to Amend, seeking to add Steve Ewing as a Defendant. Dkt. 8.

On March 11, 2021, the Court granted Plaintiff's first Motion to Amend. Dkt.11.

On June 9, 2021, Plaintiff filed his Second Motion to Amend, in which he seeks to again amend his Complaint to replace John and Jane Does 1-5 with the following named Defendants:

- Jeremy Seeley
- Jack Warner
- Lisa Anderson
- Traci Drake
- Melida (sic) Ferrel
- Kari Styles
- Sonia Mills
- Karie Rainer
- Camden Couse
- T. Macleod

Dkt. 39.

In addition, Plaintiff's proposed Second Amended Complaint contains facts not included in previous versions of his complaint, omits his Second Claim, and amends his First Claim to add the Fourteenth Amendment to his alleged First Amendment violation. Dkt. 39.

Defendants have not responded to this motion, and the time for doing so has expired.

## STANDARD

Pursuant to Federal Rule of Civil Procedure (Rule) 15(a)(1):

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure:

> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006). "In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

## DISCUSSION

Since Plaintiff has already amended his pleading once, he can no longer amend pursuant to Rule 15(a)(1). Defendants have not provided written consent to allow Plaintiff to amend, however this Court finds Plaintiff may amend pursuant to Rule 15(a)(2).

Plaintiff's Motion primarily seeks to amend his Complaint to name previously unnamed John and Jane Doe defendants, and to clarify his claim for relief. There is no evidence of bad faith, no undue delay or prejudice to the opposing party, and no reason to believe at this stage that the proposed amendment is futile.

///

///

## CONCLUSION

Plaintiff's Second Motion to Amend Complaint (Dkt. 39) is GRANTED, and the clerk is directed to file it.

Dated this 20th day of July, 2021.

*David W. Christel*
David W. Christel
United States Magistrate Judge