UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL PEREZ,

        Plaintiff,

v.

KATHRYN GREY, et al.,

        Defendant.

CASE NO. 2:21-cv-00095-JLR-DWC

REPORT AND RECOMMENDATION

Noting Date: August 27, 2021

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge David W. Christel. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Dkt. 1, 12. Currenting before the Court is Plaintiff's Second Motion for a Temporary Restraining Order and Preliminary Injunction. Dkt. 46.

## BACKGROUND

    Plaintiff brought suit against several employees of E-Unit on the Special Offender Unit at the Monroe Corrections Complex (MCC), where he is housed, claiming they retaliated against him for filing unspecified grievances, complaints, and lawsuits. Dkt. 12.

REPORT AND RECOMMENDATION - 1

Earlier this year the Court denied Plaintiff's first Motion for a Temporary Restraining Order (TRO) (Dkt. 9), which sought to prevent his transfer out of the E-Unit and into the MCC general prison population. *See* Dkt. 35, 37. Plaintiff's second motion for a TRO states:

> Now before this Court is Plaintiff's renewed request seeking to enjoin Defendants from engaging in further harassment, threats, punishments and adverse actions by continuing to seek Plaintiff's transfer because Plaintiff exercises his First Amendment rights.

Dkt. 46 at 3. Notably, Plaintiff states that Defendants no longer plan to transfer him to the MCC general population, now they plan to move him to F-unit, which Plaintiff characterizes as a "residential treatment unit." *Id*. Nevertheless, Plaintiff seeks an order from this Court restraining Defendants from moving him the F-unit because he believes the transfer is retaliatory, does not serve a legitimate penological interest, and is not clinically appropriate. *Id*. at 4.

Defendants oppose the motion. Dkt. 50.

## STANDARD

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

Courts are particularly cautious in cases involving the administration of state prisons. The U.S. Supreme Court has repeatedly cautioned federal courts about supervising the minutiae of prison

REPORT AND RECOMMENDATION - 2

life. *See McKune v. Lile*, 536 U.S. 24, 37 (2002). Instead, courts recognize that "Prison administration is … a task that has been committed to the responsibility of [the executive and legislative] branches, and separation of powers concerns counsel a policy of judicial restraint." *Turner v. Safley*, 482 U.S. 78, 85 (1987). Courts give additional deference to prison officials in state penal systems because of separation of power concerns. *Id*. In recognition of these concerns, Congress has imposed further limitations on injunctive relief with respect to prison conditions under the PLRA. *See* 18 U.S.C. §3626(a)(1)(A).[1]

## DISCUSSION

The Court first addresses whether Plaintiff has demonstrated a likelihood of irreparable harm[2] if he is transferred to MCC's F-Unit. *See Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011) (If the plaintiff does not shown he is "'likely to suffer irreparable harm in the absence of preliminary relief,' we need not address the … remaining elements of the preliminary injunction standard.")(internal citation omitted).

According to Plaintiff, moving him to F-Unit will mean loss of his current therapeutic alliance with his E-Unit mental healthcare team, possible reemergence of suicidal ideation, and no mental healthcare whatsoever on F-Unit because his "proposed primary mental health therapist [in F-

---

[1] 18 U.S.C. § 3626(a)(1)(A) states:

The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

[2] "In the context of preliminary injunctive relief, irreparable harm is established when a plaintiff is unlikely to be made whole by an award of monetary damages or some other legal remedy at a later date, in the ordinary course of litigation." *Edge Games, Inc. v. Elec. Arts, Inc.*, 745 F. Supp. 2d 1101, 1117 (N.D. Cal. 2010) (*citing California Pharmacists Ass'n v. Maxwell–Jolly*, 563 F.3d 847, 851–52 (9th Cir.2009)). Plaintiff must demonstrate real and immediate threat of future injury; past injury is largely irrelevant. *See O'Shea v. Littleton*, 414 U.S. 488, 496 (1974); *Rizzo v. Goode*, 423 U.S. 362, 372 (1976); *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). "[S]peculative injury" is not enough. *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1022 (9th Cir. 2016).

Unit] is a Defendant in [a civil rights case Plaintiff is currently prosecuting]," and his representation advised him not to communicate with the parties in that case.[3] Dkt. 46 at 5-6.

Defendants urge the Court to find Plaintiff will not suffer irreparable harm by being transferred to F-Unit because his "mental health team at MCC has taken great care to ensure that his transfer is successful, going so far as to delay the transfer to allow [Plaintiff] to complete his treatment with Dr. [Marlinda] Pruden." Dkt. 50 at 6; Dkt. 51 at 2. Moreover, Defendants aver that Plaintiff's "mental health providers have been actively working with the mental health providers on his new unit to ensure a continuity of his mental health treatment." Dkt. 50 at 6; Dkt. 51 at 2. Finally, should Plaintiff's mental health issues become too acute to remain "on a General Population unit" Defendants note that DOC Policy 630.500 "ensures for an urgent/emergent transfer to an appropriate unit." Dkt 50 at 5-6 (citing Dkt. 27-1 and Dkt. 27-2).

The Court concurs with Defendants that Plaintiff has not demonstrated likelihood of irreparable harm in the form of a "real and immediate threat of future injury," rather than a remote possibility. *O'Shea v. Littleton*, 414 U.S. at 496; *Winter*, 555 U.S. at 22. While the Court understands transferring mental healthcare providers may cause discomfort, the record indicates that Plaintiff's transfer was delayed until no earlier than August 12, 2021 to permit him to complete treatment with Dr. Pruden for the smoothest transition possible. Dkt. 51 at 2. The record also indicates that Dr. Pruden "has been working with [Plaintiff] and the psychologist on F Unit, Dr. Tanya Browne to prepare for [Plaintiff's] transfer to that unit." *Id*.

Plaintiff is correct that he named Dr. Browne in a currently pending civil rights case he brought against at least 19 named individuals involved in providing mental healthcare at MCC.[4]

---

[3] The Court has confirmed that Case No. 2:18-cv-01800-JLR-BAT is a currently open civil rights case in the Western District of Washington.

[4] *See supra* note 3.

REPORT AND RECOMMENDATION - 4

However, Defendants assure the Court that "Dr. Browne and her team on F Unit are aware of [Plaintiff's] behavioral challenges and mental health needs and are prepared to provide him with the appropriate mental health services upon his transfer." Dkt. 51 at 2. Therefore, Plaintiff has not demonstrated a real and immediate threat of future injury in the absence of a preliminary relief. Accordingly, this Court need not address the remaining elements of the preliminary injunction standard.

## CONCLUSION

Plaintiff's Second Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 46) should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August 27, 2021 as noted in the caption.

Dated this 13th day of August, 2021.

David W. Christel
United States Magistrate Judge