UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL JAY PEREZ,<br><br>  Plaintiff,<br><br>  v.<br><br>KATHRYN GRAY et al.,<br><br>  Defendants. | CASE NO. 2:21-cv-00095-LK<br><br>ORDER DENYING JOINT MOTION TO CONSOLIDATE CASES |

This matter comes before the Court on the parties' joint motion to consolidate cases. Dkt. No. 113. The parties seek to consolidate this case with *Perez v. Strange*, 3:23-CV-05008-JHC-SKV (W.D. Wash.). *Id.* at 1. For the reasons stated below, the Court denies the parties' motion.

## I.   BACKGROUND

Plaintiff Daniel Jay Perez initiated this civil rights lawsuit pro se and *in forma pauperis* ("IFP") in early 2021, challenging Defendants' allegedly retaliatory conduct during his ongoing incarceration at the Monroe Correctional Complex ("MCC"), culminating in his transfer out of E-Unit. *See* Dkt. Nos. 1, 5, 42. On March 30, 2023, the Court adopted in part the Report and Recommendation of United States Magistrate Judge David W. Christel regarding Defendants'

motion for summary judgment, allowing some of Mr. Perez's First Amendment retaliation claims to proceed against Defendant Kathryn Grey. *See generally* Dkt. No. 109. The Court also directed the parties to meet and confer and to file a joint status report proposing a trial date and pretrial deadlines. *Id.* at 38. Following the Court's Order on summary judgment, Mr. Perez retained counsel in this case. Dkt. No. 111.

Separately, in early 2023, Mr. Perez filed another lawsuit pro se and IFP, claiming that Department of Corrections and MCC staff violated his constitutional rights under the Eighth Amendment by acting with deliberate indifference toward his medical and mental health needs. *See Perez v. Strange*, Dkt. No. 7. Defendants filed an answer in that case on April 10, 2023, and the Court entered a pretrial scheduling order on May 2, 2023. *See id.*, Dkt. Nos. 30, 35.

## II.   DISCUSSION

### A.   Legal Standard

Federal Rule of Civil Procedure 42(a) provides that courts may consolidate cases if they involve common questions of law or fact. Rule 42(a) affords courts broad discretion in making such determinations. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). When evaluating the appropriateness of consolidation, the Court considers several factors, "including judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to a party opposing consolidation." *First Mercury Ins. Co. v. SQI, Inc.*, No. C13-2110-JLR, 2014 WL 496685, at *2 (W.D. Wash. Feb. 6, 2014). Importantly, "Rule 42 does not mandate consolidation simply because two cases happen to involve common questions of law and fact." *Micklesen v. Watkins & Shepard Leasing, LLC*, No. 4:13-CV-00518-REB, 2015 WL 6456552, at *1 (D. Idaho Oct. 26, 2015). For instance, "[c]onsolidation may be inappropriate where two cases have been proceeding on two vastly

different schedules to trial." *Ultimate Timing, L.L.C. v. Simms*, No. 2:08-CV-01632-MJP, 2010 WL 1881868, at *2 (W.D. Wash. May 10, 2010).

**B.    Consolidation is Inappropriate in Light of the Differences in Mr. Perez's Substantive Claims and the Procedural Posture**

The parties contend that joining this action with *Perez v. Strange* is appropriate because "the cases share common questions of law and fact" and consolidation would "benefit the parties." Dkt. No. 113 at 1.

With respect to the questions of law and fact raised in the respective cases, the Court agrees that Mr. Perez's more recent lawsuit contains overlapping factual allegations with this action. *See, e.g.*, Dkt. No. 42 at 43–47 (describing the allegedly retaliatory motivations behind Mr. Perez's MCC unit transfer in 2021); *Perez v. Strange*, Dkt. No. 7 at 12–21 (describing the circumstances surrounding the same transfer). However, the thrust of Mr. Perez's new complaint appears to be based on the inadequacy of his medical and mental health treatment following his transfer. *Perez v. Strange*, Dkt. No. 7 at 21–31. And whereas Mr. Perez advances a First Amendment retaliation claim in this case, as noted above, he alleges an Eighth Amendment deliberate indifference claim in *Perez v. Strange*. *Id.* at 30–31. Moreover, Mr. Perez's remaining claims in this case are against Kathryn Grey, who is not a named Defendant in *Perez v. Strange*.

Further, the parties' arguments as to the benefit of consolidation are unavailing. They maintain that if the cases were consolidated, (1) Mr. Perez would have "access to counsel as to all claims," (2) the parties would be able "to conduct more rigorous discovery than has previously occurred in this case," including depositions, and (3) the Court would avoid addressing Mr. Perez's claims "piecemeal, without an understanding of the 'big picture[.]'" Dkt. No. 113 at 2. None of these reasons are persuasive. First, Mr. Perez's newly retained counsel is free to enter an appearance in *Perez v. Strange* if so desired by Mr. Perez and counsel. Second, the discovery

ORDER DENYING JOINT MOTION TO CONSOLIDATE CASES - 3

deadline in this case expired approximately 20 months ago, Dkt. No. 36, and the Court has already resolved Defendants' motion for summary judgment, Dkt. No. 109. Despite this, and the fact that trial is on the horizon, *id.* at 38, the parties make no attempt to satisfy the standard for reopening the case schedule by demonstrating that their failure to complete discovery within the time allotted was due to excusable neglect, Fed. R. Civ. P. 6(b)(1)(B). *See also* Dkt. No. 75 (denying Mr. Perez's November 2021 motion for extension of time to complete discovery); *Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 595 (W.D. Wash. 2013) (deciding "based on twenty-twenty hindsight" that decision to delay or forgo individual's deposition was error, or that more discovery should have been conducted at earlier time, was not excusable neglect); *Excel Fortress Ltd. v. Wilhelm*, No. CV-17-04297-PHX-DWL, 2018 WL 6067255, at *7 (D. Ariz. Nov. 20, 2018) (denying motion to consolidate and noting that consolidation would provide the plaintiffs "a second bite at the discovery apple"). Finally, these two cases are in "significantly different procedural posture[s]," which weighs against consolidation. *Reed v. Kariko*, No. 3:20-CV-05580-BHS-DWC, 2020 WL 6781475, at *2 (W.D. Wash. Nov. 18, 2020); *see also Rubio v. King Cnty.*, No. C16-1269-JCC-JPD, 2017 WL 2172014, at *2 (W.D. Wash. May 17, 2017); *Ultimate Timing*, 2010 WL 1881868, at *2. If the Court were to reopen discovery—long after the September 2021 discovery completion deadline and the December 2021 dispositive motions deadline—it would substantially disrupt the orderly disposition of this case.

      Accordingly, the Court finds that any factual commonalities between the two cases are outweighed by the differences in Mr. Perez's substantive claims and considerations of judicial economy and expediency. To the extent that the parties are interested in pursuing a global resolution as to both cases through mediation or a settlement conference before a Magistrate Judge, they may indicate such preference in their joint status report due June 1, 2023. Dkt. 109 at 38.

ORDER DENYING JOINT MOTION TO CONSOLIDATE CASES - 4

### III.  CONCLUSION

For the reasons discussed herein, the parties' motion to consolidate, Dkt. No. 113, is DENIED.

Dated this 19th day of May, 2023.

*Lauren King*

Lauren King
United States District Judge