UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL JAY PEREZ,<br><br>    Plaintiff,<br>    v.<br><br>KATHRYN GRAY et al.,<br><br>    Defendants. | CASE NO. 2:21-cv-00095-LK<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM |

This matter comes before the Court on Plaintiff Daniel Perez's Petition for a Writ of Habeas Corpus Ad Testificandum. Dkt. No. 119. Defendants do not oppose Mr. Perez's petition. Dkt. No. 121. Having considered the petition and the remainder of the relevant record, the Court denies Mr. Perez's petition with leave to renew closer to the scheduled trial date. In the meantime, the Court encourages the parties to participate in the Western District of Washington's Local Civil Rule 39.1 alternative dispute resolution program.

## I. BACKGROUND

Mr. Perez initiated this civil rights lawsuit pro se and *in forma pauperis* ("IFP") in early 2021, challenging Defendants' allegedly retaliatory conduct during his ongoing incarceration at

the Monroe Correctional Complex ("MCC"), culminating in his transfer out of E-Unit. *See* Dkt. Nos. 1, 5, 42. On March 30, 2023, the Court adopted in part the Report and Recommendation of United States Magistrate Judge David W. Christel regarding Defendants' motion for summary judgment, allowing some of Mr. Perez's First Amendment retaliation claims to proceed against Defendant Kathryn Grey. *See generally* Dkt. No. 109. Following the Court's order on summary judgment, Mr. Perez retained counsel in this case. Dkt. No. 111. And on May 23, 2023, the Court set a trial for October 30, 2023. Dkt. No. 116.

On July 20, 2023, Mr. Perez filed the instant petition, seeking a writ of habeas corpus ad testificandum requiring the Washington Department of Corrections and Warden of the MCC to bring him and his fellow incarcerated witness Jamall Baker to the federal courthouse in Seattle for trial. Dkt. No. 119; *see* 28 U.S.C. § 2241(c)(5). Mr. Perez further requests that they both be permitted to wear civilian clothes, and that unless Mr. Perez presents a security risk during trial, he be permitted to remain "un-handcuffed and un-shackled in the presence of the jury," to sit at the counsel table, and to not be "escorted by . . . security personnel in the presence of the jury[.]" Dkt. No. 119 at 2. Defendants do not object to Mr. Perez's petition except to indicate that they do not wish to be charged for the costs of transporting Mr. Perez and Mr. Baker should they prevail at trial. Dkt. No. 121; *see also* Dkt. No. 122 (holding that Defendants' request for relief is not properly before the Court).

After Mr. Perez filed his petition, however, the Court continued the October trial date to December 4, 2023 due to a scheduling conflict with a criminal trial. Dkt. No. 120 at 1–2. The Court noted that this continuance will affect the requests for relief in Mr. Perez's petition; specifically, the dates on which he asks that he and Mr. Baker be produced for trial. *Id.* at 1. Accordingly, the Court directed the parties to inform the Court if the new dates "are incorrect or otherwise

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM - 2

problematic." *Id.* at 2. Defendants indicated in their response that they do not object to the new pretrial and trial dates, Dkt. No. 121, but Mr. Perez did not file a reply stating his position.

## II. DISCUSSION

### A. Legal Standard

"[I]mprisonment suspends [a] plaintiff's usual right to be personally present at judicial proceedings brought by himself or on his behalf." *Hernandez v. Whiting*, 881 F.2d 768, 770 (9th Cir. 1989). However, district courts have the "power to issue a writ of *habeas corpus ad testificandum* to secure the testimony of a state prisoner witness[.]" *Wiggins v. Alameda Cnty.*, 717 F.2d 466, 468 n.1 (9th Cir. 1983) (per curiam) (citing *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)); *see also* 28 U.S.C. § 2241(c)(5). When deciding whether to issue a writ of habeas corpus ad testificandum, courts consider (1) "whether the prisoner's presence will substantially further the resolution of the case"; (2) "the security risks presented by the prisoner's presence"; (3) "the expense of the prisoner's transportation and safekeeping"; and (4) "whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Id.* (quoting *Ballard*, 557 F.2d at 480); *see also Paugh v. Flores*, 771 F. App'x 801, 802 (9th Cir. 2019); *Ruiz v. Nevada Dep't of Corr.*, No. 3:17-CV-00643-RCJ-CSD, 2023 WL 3355583, at *1 (D. Nev. Apr. 21, 2023).

### B. The Court Denies Mr. Perez's Petition Without Prejudice to Renew

Despite citing the four factors listed above in his petition, Dkt. No. 119 at 2–3, Mr. Perez fails to explain why any of these factors are satisfied in this case. The petition purports to rely on "the attached Declaration of Darryl Parker and all files, records, and proceedings herein," *id.* at 1, but no declaration is attached, nor is the Court obligated to "search for evidence or manufacture arguments for a plaintiff." *Ayers v. Richards*, No. C08-5390 BHS/KLS, 2010 WL 4366069, at *2 (W.D. Wash. Aug. 3, 2010), *report and recommendation adopted*, No. C08-5390-BHS, 2010 WL

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM - 3

4365555 (W.D. Wash. Oct. 28, 2010); *see also Ramsey v. Muna*, 819 F. App'x 505, 507 (9th Cir. 2020) (courts "are not like pigs, hunting for truffles buried in briefs[,] and cannot manufacture arguments for a[ litigant]" (cleaned up)).

Regardless, the Court need not resolve Mr. Perez's petition at this relatively early juncture nearly four months ahead of trial. *See, e.g.*, *Smith v. Holbrook*, No. 4:18-CV-5108-RMP, 2019 WL 13246833, at *1 (E.D. Wash. Apr. 17, 2019) (denying plaintiff's motion for writ of habeas corpus ad testificandum with leave to renew within two months of trial); *Pinson v. Dukett*, No. CV-19-00422-TUC-RM, 2023 WL 2463786, at *4 (D. Ariz. Mar. 10, 2023) (finding plaintiff's requests for writs of habeas corpus ad testificandum to be premature when filed prior to the joint proposed pretrial order deadline). Because the Court has continued the trial date and remaining pretrial deadlines in this case, it will provide Mr. Perez another opportunity to address these factors by filing a renewed petition closer to the trial date.

**C.     The Parties Are Encouraged to Participate in Mediation**

Given the new mediation deadline of October 5, 2023, Dkt. No. 120 at 2, the Court encourages the parties to participate in the Western District of Washington's alternative dispute resolution program, *see* LCR 39.1(a), (c). Should they seek a formal referral under Local Civil Rule 39.1(c)(1)–(2), they may file a request on the docket at any time. And in the event that the parties would like to request a pro bono mediation, they may do so by completing and signing the relevant form. *See* LCR 39.1(c)(4); Request for Pro Bono Mediation Form, available at: https://www.wawd.uscourts.gov/sites/wawd/files/RequestforProBonoMediation.pdf.

### III.   CONCLUSION

For the reasons discussed herein, the Court denies Mr. Perez's petition for habeas corpus ad testificandum without prejudice. Dkt. No. 119. Should Mr. Perez renew his petition, he must do so no earlier than October 5, 2023 and no later than November 9, 2023. A renewed petition

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM - 4

1  must address the relevant factors with respect to both Mr. Perez and Mr. Baker, and must also
2  explain whether Mr. Baker (1) is willing to testify at trial and (2) has actual knowledge of relevant
3  facts.

5  Dated this 15th day of August, 2023.

*Lauren King*
Lauren King
United States District Judge

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM - 5